# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3001

_____

Susan Ludwig,                              *
                                           *
          Appellant,                       *
                                           *   Appeal from the United States
     v.                                    *   District Court for the
                                           *   District of Minnesota.
Northwest Airlines, Inc.,                  *
                                           *        [UNPUBLISHED]
          Appellee.                        *

_____

Submitted:  April 4, 2002
Filed:  April 10, 2002

_____

Before LOKEN, MAGILL, and RILEY, Circuit Judges.

_____

PER CURIAM.

Susan Ludwig (Ludwig) appeals the district court's[1] order denying her objections to taxation of costs, following the dismissal of her suit against Northwest Airlines, Inc. (Northwest). In support of its bill of costs, Northwest submitted, as relevant, client disbursement records and an affidavit. On appeal, Ludwig argues that the copying-cost documentation was insufficient because it did not specify what was being copied, the cost per page, and whether the copied documents were entered into evidence, filed with the court, furnished to opposing counsel, or in any way used in

_____

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

the case.  See 28 U.S.C. § 1920(4) (fees for copies necessarily obtained for use in case are taxable as costs).

This Court lacks jurisdiction to hear an appeal where the sole issue is whether the district court abused its discretion as to the amount of costs awarded.  We have jurisdiction only when the appeal of an award of costs challenges the power of the district court to award costs.  Poe v. John Deere Co., 695 F.2d 1103, 1108-09 (8th Cir. 1982).  Although Ludwig does not appear to challenge the authority of the district court to award costs, to the extent Ludwig does challenge that power, we find the district court did have authority to award costs.

Assuming jurisdiction, under the circumstances in this case, we cannot say that the district court's cost award was an abuse of discretion.  See Lee-Thomas, Inc. v. Hallmark Cards, Inc., 275 F.3d 702, 708 (8th Cir. 2002) (standard of review); Bathke v. Casey's Gen. Stores, Inc., 64 F.3d 340, 347 (8th Cir. 1995) (district court was in the best position to determine reasonableness and necessity of costs).  The trial court record is voluminous in this case.  Northwest's counsel attested that the designated copies were necessarily obtained for use in the case, and the district court is in the best position to determine whether this was so.

Accordingly, we affirm the judgment of the district court.  We also deny Ludwig's pending motion to strike Northwest's brief.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.